THOMAS A. FRENCH, Petitioner,

v.

AVIATA FA'ALEVAO IN HIS CAPACITY AS
CHAIRMAN OF THE IMMIGRATION BOARD, Respondent.

High Court of American Samoa
Appellate Division

AP No. 35-80

November 25, 1980

Before SHRIVER\*, Acting Associate Justice, presiding, MURPHY, Associate Justice, McNICHOLS\*\*, Acting Associate Justice, POUTOA, Associate Judge, and SEVAAETASI, Associate Judge.

PER CURIAM.

This matter comes before us upon a most confused record. It appears to be an appeal under 9 ASC 552 from a decision of the Immigration Board of American Samoa. We are able to glean the following facts from the documents filed in this case:

Thomas French is a U.S. citizen who came to American Samoa with his wife. His wife is employed under contract with the American Samoa Government and her contract prohibits her from engaging in business in this territory during its term. Mr. French is a marine mechanic. He joined another man in a motor repair business. When the other man decided to drop out Mr. French applied to the American Samoa Government for a business license under 12 ASC 1346,[1] apparently to continue the business on his own. His application was favorably endorsed by the Territorial Planning Commission of American Samoa (Commission). The application then went to the Immigration Board who disapproved it on two grounds: The provision discussed above in his wife's contract, and the existence of other similar businesses presently operating here.

The Immigration Board took the additional step of directing or ordering Mr. French to leave this territory. Presumably, if he did leave, it would be without his wife, since her contract requires her to remain until at least August 12, 1981. The constitutional and public policy questions thereby raised by this result are intriguing and perhaps someday will need to be addressed. Curiously, the order to deport tells Mr. French he must leave within "_____"days.

-----------------------

1. That section presupposes license applications going to the Governor, who refers the application to the Territorial Planning Commission, which then refers the matter back to the Governor. Just how the Immigration Board gets into the picture, let alone, apparently, makes the final decision as to who gets a business license is unclear.

The Government has moved to dismiss this appeal since it was not filed within "15 days as provided in 9 ASC 552. The Government contends this requirement is jurisdictional; the appellant contends it is discretionary. This point is interesting, but need not be ruled upon since we find the order or orders entered by the Immigration Board are not final orders. The Federal courts, including the U.S. Supreme Court have adopted essentially practical tests for identifying those judgments which are, and those which are not, to be considered "final". A pragmatic approach to the question of what is a final judgment being essential to the achievement of the just, speedy, and inexpensive determination of every action. Brown Shoe Co. v. U.S. (1962) 370 U.S. 294, 306. Applying that standard to this case, we note the granting of rehearings and the re-issuing of orders of the Board after meetings between Appellant and the Chairman of the Board, and we find it impossible for anyone to tell exactly which order is supposed to be the final, and therefore appealable, order.

As previously stated, in the matter of business license applications it appears that it would be proper to determine the immigration status of an applicant. The Immigration Board found that he is an American citizen, legally in this territory. That is all it needed to do. The wisdom of the issuance of a business license is more appropriately within the province of the Planning Commission. There is no showing that French is a person to be excluded and subject to deportation under 9 ASC 377.

* * *

---

*Honorable Paul D. Shriver, United States District Court Judge, Retired, Territory of Guam, sitting by designation of the Secretary of the Department of the Interior.
**Honorable Ray McNichols, United States District Court Judge, District of Idaho, sitting by designation of the Secretary of the Department of the Interior.